## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CENTERLINE SOLUTIONS, LLC,

      **Plaintiff**,

v.

CENTERLINE COMMUNICATIONS, LLC,

      **Defendant**.

---

## COMPLAINT

---

Plaintiff Centerline Solutions, LLC ("Centerline Solutions"), by its attorneys, Davis Graham & Stubbs LLP, for its Complaint against Defendant Centerline Communications, LLC ("Defendant"), states as follows:

### I.    NATURE OF ACTION

1.    This is an action for declaratory judgment, or in the alternative, injunctive relief.

2.    Centerline Solutions has been using the word only and design service marks CENTERLINE and CENTERLINE SOLUTIONS (collectively, "CENTERLINE Marks") in connection with its business offering services to design, build, modify, and maintain a wireless network since at least as early as 2011.

3.    Defendant offers competing services.

4.      Defendant brought an action before the US Trademark Trial and Appeals Board ("TTAB"), Proceeding No. 92067526, to cancel Centerline Solutions' four federal registrations for its CENTERLINE Marks.  Centerline Solutions intends to move to stay the TTAB proceeding.

5.      Centerline Solutions brings this action seeking a declaration of non-infringement and that there is no likelihood of consumer confusion.  Both companies compete in a sophisticated industry where work is won based on personal relationships.  In addition, prior to awarding a contract for work, the customer conducts a thorough examination of a company's proposal.  Therefore, due to, among other factors, the nature of the industry and the time that customers spend evaluating proposals, there is no likelihood of consumer confusion despite the fact that Centerline Solutions and Defendant offer competing services under marks that both include the word "Centerline."

6.      In the alternative, if the Court determines that the use of the word Centerline by both companies does create a likelihood of consumer confusion, Centerline Solutions seeks a declaration that it has senior common law rights throughout at least Hawaii and the Rocky Mountain, Western,  Northwestern, Southwestern, and Midwestern regions of the United States, and an order enjoining Defendant from using the Centerline Solutions Mark in those geographic regions where Centerline Solutions has senior common law rights.

## II.      PARTIES

7.      Plaintiff Centerline Solutions is a limited liability company organized under the laws of Colorado and has its principal place of business at 16035 Table Mountain Pkwy, Golden, CO 80403, United States.

8.      Defendant Centerline Communications, LLC is a limited liability company organized under the laws of Delaware and has its principal place of business at 95 Ryan Drive, Suite 1, Raynham, MA 02767.

### III.     JURISDICTION AND VENUE

9.      This is a civil action for declaratory judgment, arising under the Federal Trademark Act (Lanham Act) of 1946, 15 U.S.C. § 1051 *et seq.*, and for related claims.

10.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  All state and common law claims in this action arise from the same transaction or occurrence, such that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

11.     This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant has purposefully directed its activities and availed itself of the privilege of carrying out business in Colorado, and the claims and damages in this lawsuit arise from those activities.

12.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

### IV. GENERAL ALLEGATIONS

**A.      Centerline Solutions' Business**

13.     Centerline Solutions offers the services needed to design, build, modify, and maintain a wireless network.

14.     In this industry, the term "Centerline" refers to the height of a wireless transmitter's antennas and the prime position on the tower.

15.     Since at least as early as 2011, Centerline Solutions and/or its predecessor in interest, has offered and continues to offer the services needed to design, build, modify, and maintain a wireless network under the CENTERLINE Marks in the United States.

16.     Since at least as early as 2012, Centerline Solutions has continuously used the CENTERLINE Marks in commerce to market, promote, and distribute its services.

17.     Centerline Solutions owns all right, title, and interest in and to the following federal registrations for the CENTERLINE Marks:

a.   U.S. Registration No. 4,575,685 for CENTERLINE in Classes 37 and 42;

b.   U.S. Registration No. 4,687,030 for CENTERLINE SOLUTIONS in Classes 37 and 42;

c.   U.S. Registration No. 4,687,031 for the following design mark



in Classes 37 and 42; and

d.   U.S. Registration No. 4,698,209 for the following design mark



in Classes 37 and 42.

18.     Centerline Solutions' uses the colors black, white, and green in its marketing and for its design mark.

19.     Centerline Solutions also owns strong common-law rights to the CENTERLINE Marks which are derived from its consistent and continuous use of the CENTERLINE Marks in connection with its services since as early as 2011.

20.     Centerline Solutions adopted the CENTERLINE Marks in good faith.

21.     At the time when Centerline Solutions adopted the CENTERLINE Marks, Defendant was not operating in Colorado or anywhere else in the Rocky Mountain region.

22.     Centerline Solutions began using the CENTERLINE Marks in Colorado in 2011. Since then, it expanded its use of the CENTERLINE Marks, first throughout the Rocky Mountain region, and then to Hawaii and states in the Western, Northwestern, Southwestern, Midwestern, Southeastern, and Eastern United States.

**B.      Defendant's Competing Business**

23.     Defendant offers competing services.

24.     Upon information and belief, for several years, Defendant only operated in New England.

25.     Upon information and belief, beginning in or around 2011, Defendant expanded to select states along the East Coast and California.

26.     Upon information and belief, Defendant has only expanded into the Rocky Mountain, Western, Northwestern, Southwestern, Midwestern, and Southeastern United States in the last few years.

27.     For example, Defendant only registered to do business in Colorado in 2015, in Wyoming in 2016, in Nebraska in 2017, in Oregon in 2018, and in Washington in 2018.

28.     Defendant is not even registered to do business in, among other places, Hawaii, Kansas, New Mexico, North Dakota, Oklahoma, South Dakota, and Utah.

29.     Defendant operates using the mark "CENTERLINE COMMUNICATIONS" (the COMMUNICATIONS Mark) and uses the colors blue and white in its marketing and for its design mark:



30.     Defendant does not own any federal registration for its COMMUNICATIONS Mark.

C.     **The Wireless Network Infrastructure Services Industry**

31.     Centerline Solutions' customers include wireless carriers, tower companies, equipment manufactures, and commercial real estate companies.

32.     Centerline Solutions relies on its personal relationship with existing customers to obtain new business.

33.     Centerline Solutions' customers are sophisticated and spend substantial time evaluating proposals before awarding Centerline Solutions a contract.

**V.     CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment, 28 U.S.C. § 2201)**

34.     Centerline Solutions incorporates by reference each of its allegations herein.

35.     Defendant brought an action before TTAB to cancel the four federal registrations for the CENTERLINE Marks.

36.     An actual justiciable controversy exists between Centerline Solutions and Defendant regarding Centerline Solutions right to use the CENTERLINE Marks.

37.     Centerline Solutions, therefore, asks this Court to declare that: (i) there is no likelihood of confusion between Centerline Solutions' CENTERLINE Marks and Defendant's COMMUNICATIONS Mark; and so, (ii) Centerline Solutions use of its CENTERLINE Marks does not infringe on Defendant's rights in its COMMUNICATIONS Mark; (iii) Centerline Solutions is allowed to use its CENTERLINE Marks to market, promote, or distribute its services in the United States; and Centerline Solutions' federal registrations for the CENTERLINE Marks remain valid and shall not be cancelled.

WHEREFORE, Centerline Solutions seeks relief as set forth at the end of this Complaint.

### ALTERNATIVE SECOND CLAIM FOR RELIEF
**(Common Law Trademark Infringement)**

38.     Centerline Solutions incorporates by reference each of its allegations herein.

39.     Centerline Solutions at a minimum owns common law rights to the CENTERLINE Marks and has a protectable interest in the Marks.

40.     Centerline Solutions' CENTERLINE Marks have achieved secondary meaning through Centerline Solutions' continued and widespread use of its CENTERLINE Marks.

41.     Centerline Solutions' common law rights to the CENTERLINE Marks are senior to any common law rights Defendant may possess to the COMMUNICATIONS Mark in at least Hawaii and the Rocky Mountain, Western, Northwestern, Southwestern, and Midwestern regions of the United States.

42.     Defendant's use of its COMMUNICATIONS Mark to promote, market, and distribute its competing services in those geographic regions where Centerline Solutions

possesses superior common law rights creates a likelihood of consumer confusion, and therefore constitutes trademark infringement in violation of the common law.

43.    Defendant's acts of infringement have been committed with the intent to cause confusion, mistake, and to deceive.

44.    As a result of Defendant's willful and intentional infringement of the CENTERLINE Marks, Centerline Solutions has and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

WHEREFORE, Centerline Solutions seeks relief as set forth at the end of this Complaint.

## ALTERNATIVE THIRD CLAIM FOR RELIEF
### (Unfair Competition, 15 U.S.C. § 1125(a)(1)(A))

45.    Centerline Solutions incorporates by reference each of its allegations herein.

46.    Centerline Solutions at a minimum owns common law rights to the CENTERLINE Marks and has a protectable interest in the CENTERLINE Marks.

47.    Defendant has used and continues to use the COMMUNICATIONS Mark in commerce.

48.    Defendant's actions are likely to cause confusion, cause mistake, and to deceive as to the affiliation, connection, and association Defendant's services with Centerline Solutions' services.

49.    Defendant's use of the COMMUNICATIONS Mark in connection with its services is a violation of 15 U.S.C. § 1125(a)(1)(A).

50.    As a result of Defendant's willful and intentional infringement of the CENTERLINE Marks, Centerline Solutions has and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

WHEREFORE, Centerline Solutions seeks relief as set forth at the end of this Complaint.

## VI. DEMAND FOR RELIEF

WHEREFORE, Centerline Solutions demands judgment in its favor, and against Defendant, plus the following additional relief:

51.     Entry of a declaration that: (i) there is no likelihood of confusion between Centerline Solutions' CENTERLINE Marks and Defendant's COMMUNICATIONS Mark; and so, (ii) Centerline Solutions use of its CENTERLINE Marks does not infringe on Defendant's rights in its COMMUNICATIONS Mark; (iii) Centerline Solutions is allowed to use its CENTERLINE Marks to market, promote, or distribute its services in the United States; and Centerline Solutions' federal registrations for the CENTERLINE Marks remain valid and shall not be cancelled;

52.     In the alternative, entry of a declaration that Defendant's use of its COMMUNICATIONS Mark to promote, market, and distribute its competing services in those geographic regions where Centerline Solutions possesses senior common law rights creates a likelihood of consumer confusion, and therefore constitutes trademark infringement in violation of the common law of the State of Colorado;

53.     In the alternative, Centerline Solutions also seeks entry of an order enjoining Defendant from continuing to use the COMMUNICATIONS Mark in the geographic regions where Centerline Solutions possesses senior common law rights;

54.     Damages in an amount to be proven at trial, including but not limited to (i) the Defendant's profits and/or (ii) Centerline Solutions' actual damages;

55.     Reasonable attorneys' fees and costs, including expert witness fees as permitted by law;

56.     Prejudgment and post-judgment interest at the highest allowable legal rates; and

57.     Such other and further relief as the Court deems just and proper.


Dated: August 20, 2018


*s/ Kenzo S. Kawanabe*
Kenzo S. Kawanabe
Emily L. Wasserman
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile:   303.893.1379
Email: kenzo.kawanabe@dgslaw.com
            emily.wasserman@dgslaw.com

*Attorneys for Plaintiff Centerline Solutions,*
*LLC*